### UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

November 25, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Dyron H. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
       Civil No. 24-3651-DRM

Dear Counsel:

On December 18, 2024, Plaintiff Dyron H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 8, 11, 13. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed Title II application for Disability Insurance Benefit benefits ("DIB") on June 1, 2016, and a Title XVI application for Supplemental Society Income Benefits ("SSI") on July 18, 2016, alleging a disability onset of July 1, 2015. Tr. 212-222.[2]

Plaintiff's claims were denied initially and on reconsideration. Tr. 135-138, 143-147, 149-150. On January 25, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 36-60. Following the hearing, on March 18, 2019, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[3] during the relevant time frame. Tr. 12-29, 972-989. On January 28, 2020, the Appeals Council concluded that there was no basis for granting the Plaintiff's Request for Review. Tr. 1-5, 995-999. Plaintiff appealed to this Court, which reversed

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security on November 21, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] Plaintiff subsequently amended his disability onset date to June 1, 2016. Tr. 560.

[3] 42 U.S.C. §§ 301 et seq.

*Dyron H. v. Bisignano*
Civil No. 24-3651-DRM
November 25, 2025
Page 2

the final administrative decision of the Acting Commissioner and remanded for further proceedings. *Dyron H. v. Kijakazi*, No. DLB-20-0871 (D. Md. Aug. 5, 2021); Tr. 1028-2032. A supplemental hearing was held on September 26, 2023. Tr. 941-971. On October 31, 2023, the ALJ again denied Plaintiff's claims. Tr. 557-576. The Appeals Council denied Plaintiff's request for review, Tr. 1434-1439, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since June 1, 2016, the amended alleged onset date." Tr. 563. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "bipolar disorder, cannabis abuse by history, schizoaffective disorder, unspecified adjustment disorder, aggressive behavior, obstructive sleep apnea, obesity and right foot/calcaneus radiopaque foreign bodies." Tr. 563. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 563-64. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant is limited to work that does not require climbing ladders, ropes, and scaffolds, operating moving vehicles or equipment such as cars, trucks, fork lifts, etc., and exposure to hazards such as machinery and heights etc., or performing more than simple 1-4 step, routine, repetitive tasks in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, where there would only be occasional contact with co-workers and supervisors and no contact with the general public, and which would not require a fast pace or production quotas such as would customarily be found on an assembly line. He must avoid concentrated exposure to noise such as that found in heavy traffic. He has the ability to avoid trip and fall hazards in a work setting.

*Dyron H. v. Bisignano*
Civil No. 24-3651-DRM
November 25, 2025
Page 3

Tr. 586. The ALJ determined that Plaintiff is unable to perform any past relevant work but could perform jobs that existed in significant numbers in the national economy. Tr. 574-75. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 576.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

On appeal, Plaintiff argues that the ALJ's RFC analysis is not supported by substantial evidence for four reasons: (1) the ALJ failed to address Plaintiff's ability to perform work-related mental functions for a full workday in light of his moderate limitations in concentration, persistence, or pace; (2) the ALJ failed to explain how an individual with such limitations could remain on task for 90 percent of the workday; (3) although the ALJ articulated an RFC, he did not provide the required narrative discussion linking the RFC limitations to specific medical and non-medical evidence; and (4) the ALJ improperly evaluated Plaintiff's subjective complaints. ECF No. 11 at 8–17.

In response, the Commissioner contends that the ALJ's RFC determination is supported by substantial evidence and reflects a proper application of the applicable legal standards. Specifically, the Commissioner argues that the ALJ did provide a sufficient narrative explanation, pointing to the ALJ's discussion of Plaintiff's longitudinal mental-health treatment records, the conservative nature of his care, largely benign mental-status findings, and Plaintiff's own repeated reports of improvement with medication. ECF No. 12 at 2. The Commissioner further asserts that the ALJ reasonably relied on the prior administrative medical findings from the State agency consultants, both of whom opined that Plaintiff retained the capacity to perform unskilled work, and that the ALJ incorporated greater restrictions than those suggested by the consultants. According to the Commissioner, Plaintiff's challenge amounts to a request for the Court to reweigh the evidence, which is outside the scope of substantial evidence review.

Remand is warranted on the Plaintiff's second argument. At the September 26, 2023, hearing, when asked by the ALJ what would be an acceptable amount of daily time off task for a

*Dyron H. v. Bisignano*
Civil No. 24-3651-DRM
November 25, 2025
Page 4

person with the Plaintiff's characteristics to remain competitively employable, the Vocational Expert (VE) testified that an employer would tolerate up to ten percent of time off-task in an 8-hour work day. Tr. 955. In response to a question from Plaintiff's counsel, the VE testified that jobs of the types she had identified typically did not tolerate "the need for additional breaks over and above the normal breaks provided" to all employees. Tr. 956.

Despite finding at step three that Plaintiff has a moderate limitation in concentration, persistence, or pace, the ALJ did not explain how Plaintiff would nevertheless be capable of remaining on task for at least 90 percent of the workday, and thus competitively employable in the positions identified by the VE. The ALJ's RFC discussion contains no analysis connecting Plaintiff's documented deficits in sustained attention to Plaintiff's ability to nonetheless meet this productivity threshold. Courts in this district have repeatedly held that such a failure to "build an accurate and logical bridge" between moderate CPP findings and an assumed ability to stay on task is reversible error. *See Kelvin R. v. O'Malley*, No. CDA-23-2532, 2024 WL 3937145, at *6–9 (D. Md. Aug. 26, 2024); *Patricia M. v. Dudek*, No. CDA-23-3541, 2025 WL 958964 (D. Md. Mar. 31, 2025); Maryann H. v. Kijakazi, No. TMD-20-2520, 2021 WL 5239852, at *13–14 (D. Md. Nov. 10, 2021); *McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 602–03 (D. Md. 2016). As in those cases, the ALJ here never addressed the vocational expert's testimony establishing that time off task greater than ten percent would preclude employment in the identified positions, nor did he articulate why Plaintiff's moderate CPP limitations would not result in off-task behavior exceeding that threshold. Without such an explanation, the Court cannot meaningfully review the RFC finding, and remand is therefore appropriate.

Because the case is being remanded on the grounds described above, I need not address other arguments that appear in Plaintiff's brief. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

### V.     **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge